UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

JOSHUA EDWIN GATES,

        Plaintiff,                          Case No. 2:22-cv-16

v.                                            Honorable Jane M. Beckering

CHRIS BECKER,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted because his claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Discussion**

I.  **Factual allegations**

Plaintiff[1] is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility in Munising, Michigan. Plaintiff is serving sentences imposed in two criminal prosecutions in the Kent County Circuit Court and one criminal prosecution in the Ionia County Circuit Court.

Plaintiff sues, as a "third-party defendant," Kent County Prosecutor Chris R. Becker. (Compl., ECF No. 1, PageID.2.) Plaintiff notes that Defendant Becker is the present prosecutor, but that Plaintiff was prosecuted by the previous prosecutor, William A. Forsyth. Plaintiff asks this Court to declare:

1. Prosecutor Forsyth failed to "levy[] a use tax to the defendant Joshua-Edwin:Gates . . . for the collection of a use tax, when in fact a use occurred under the Buck Act; 4 U.S.C. Sec. 105(a)[;]"

2. Prosecutor Forsyth failed to "obtain[] a specific lien upon the plaintiff Joshua Edwin Gates the U.S. Vessel in absence of the levy of attachment under the Act of 1839 (Michigan) for the collection of demands against boats and vessels; Sess. L. 1839, P. 70[;]" and

3. Prosecutor Forsyth failed "to produce a contractual agreement between the State of Michigan and defendant Joshua-Edwin:Gates the third-party plaintiff evidencing an obligation involving the plaintiff Joshua Edwin Gates the U.S. Vessel within the State of Michigan under the Act of 1839 (Michigan) for the collection of demands against boats and vessels; Ch. 122, R.S. 1846."

(*Id.*, PageID.4–5.) Because of Prosecutor Forsyth's failures, Plaintiff contends, the judgment of retired Kent County Circuit Court Judge Dennis B. Leiber against Plaintiff in Kent County Circuit Court Case No. 11-10189-FC—in which Plaintiff was convicted of armed robbery and sentenced

---

[1] Plaintiff Joshua Edwin Gates "is and at all times mentioned the corporate entity, i.e. U.S. Vessel created by the State of Michigan." (Compl., ECF No. 1, PageID.2.) Also named in the complaint as a third-party plaintiff is "Joshua-Edwin:Gates . . . a natural person . . . ." (*Id.*)

2

to 20 to 60 years in prison—must be set aside. Moreover, Plaintiff asks the Court to compel third-party defendant Becker to correct Forsyth's failure, i.e., to levy the tax, obtain the lien, and produce the contractual agreement.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

3

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A state prisoner's challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254 and is not the proper subject of a civil rights action brought pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973).

### III. *Heck v. Humphrey*

A state prisoner cannot make a cognizable claim under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. In other words, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Success in Plaintiff's action would necessarily call into question the validity of his conviction and continued imprisonment. Plaintiff alleges "harm caused by actions whose unlawfulness would render [his] . . . sentence invalid[.]" *Heck*, 512 U.S. at 486. Therefore, unless he shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," his claim "is not

4

cognizable under § 1983." *Id*. at 487. Plaintiff has neither alleged nor shown that his conviction or sentence has been reversed, expunged, declared invalid, or called into question. Accordingly, under *Heck*, his complaint is properly dismissed. A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (holding that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   March 9, 2022                               /s/ Jane M. Beckering
                                                                    Jane M. Beckering
                                                                    United States District Judge